UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SALVADOR MARQUEZ OLVERA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN in his official capacity as Secretary of the Department of Homeland Security, *et al.*,<br><br>Respondents. | ) | No. 2:26-cv-00594-JRS-MG |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Salvador Marquez Olvera seeks release from the Clay County Jail, where he is detained by U.S. Immigration and Customs Enforcement. The Court grants Mr. Marquez Olvera's petition and orders the respondents to either afford him a bond hearing or release him from custody.

Mr. Marquez Olvera is a Mexican citizen and national. He is in an ongoing removal proceeding in immigration court. He has been detained since August 12, 2026.

The parties agree that the government is authorized to detain Mr. Marquez Olvera under 8 U.S.C. § 1226(a), as interpreted by *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026). They further agree that this makes him eligible for an administrative bond hearing under § 1226(a). Dkt. 7 at 2; dkt. 10 at 1.

Respondents ask the Court to dismiss the petition on the grounds that Mr. Marquez Olvera has not exhausted his administrative remedies. Dkt. 7 at 2. They state that Mr. Marquez Olvera may request a bond hearing in the immigration court where his removal proceeding is pending.

In advancing this argument, Respondents have not addressed compelling allegations and evidence that Mr. Marquez Olvera has requested bond and that the government has thwarted his

efforts to present his case at a hearing. The government moved Mr. Marquez Olvera from a jail in Florida to a jail in Ohio the night before a scheduled bond hearing. The next day, the immigration judge in Florida refused to consider bond because Mr. Marquez Olvera was not available to answer questions. Dkt. 1 ¶ 22; dkt. 1-2 at 6–7.

Mr. Marquez Olvera again requested a bond hearing after being moved to Clay County. The government continued to reject his requests as submitted to the wrong immigration court based on government records inaccurately reflecting that Mr. Marquez Olvera is detained in Louisiana. Dkt. 1 Dkt. 1 ¶ 23; dkt. 1-2 at 10–13; dkt. 10-1 at 2.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). Exhaustion is no mere formality.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists," and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

There is no statutory requirement for Mr. Marquez Olvera to move for a bond hearing before an immigration judge before he can seek habeas relief from this Court. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez*, 355 F.3d at 1016.

In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir*, 301 F.3d at 498); *accord McCarthy*, 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). A party seeking to be excused from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498.

Mr. Marquez Olvera's submissions indicate that requiring him to submit another request for a bond hearing either will be futile or will unreasonably delay the bond hearing to which the government concedes he is entitled. He has requested bond hearings, only to be stifled by last minute relocation and inaccurate records. And, in failing to respond to these allegations and the documents supporting them, Respondents have waived any argument to the contrary. *M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency*, 845 F.3d 313, 321 (7th Cir. 2017).

Mr. Marquez Olvera seeks immediate release from detention on grounds other than his entitlement to a bond hearing under § 1226(a), including that his arrest was unlawful and that his prolonged detention without a bond hearing violates the Fifth Amendment. The Court does not resolve either argument here.

Because the parties agree that the government has authority to detain Mr. Marquez Olvera under § 1226(a), this habeas action is not the proper forum for any claim regarding the propriety

of his arrest. "[T]he purpose of a habeas corpus action is not to compensate the petitioner for a past injury or punish the respondent for wrongdoing; it is solely to determine whether the petitioner's *current* detention is lawful." *Feliciano v. Warden*, No. 3:26-CV-1108-CCB-SJF, 2026 WL 2525659, at *3 (N.D. Ind. Aug. 26, 2026) (emphasis added) (citing *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)). There is no dispute that Mr. Marquez Olvera's current detention is authorized by § 1226(a).

As to the Fifth Amendment, federal courts are to "avoid[] unnecessary constitutional decisionmaking" and resolve cases on other grounds where possible. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). There is no need to address Mr. Marquez Olvera's constitutional claim while he has an active claim for bond in the immigration court.

Therefore, the Court **grants** the petition to the extent that **no later fourteen days from the date of this order**,[1] Respondents must either: (1) provide Mr. Marquez Olvera with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release him from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Marquez Olvera with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Marquez Olvera's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 10/23/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

[1] The parties may modify this deadline by agreement without need for Court involvement.

Distribution:

Rupinder Kaur
Kaur Law PC
ruby@kaurlawpc.com

Parvinder Kaur Nijjar
DOJ-USAO
parvinder.nijjar@usdoj.gov

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com